UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY BROTHERHOOD OF LYNN, INC. and MARCELINO P. ROBINSON,<br><br>Defendants. | CIVIL ACTION NO. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

This is an action brought by the Plaintiff United States Liability Insurance Company ("USLI") seeking declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine the rights, obligations and liabilities of the parties under a policy of insurance issued by USLI to Community Brotherhood of Lynn ("CBL"). This action seeks a determination that USLI is not obligated to defend and/or indemnify CBL in connection with claims brought by Marcelino P. Robinson ("Robinson") in an action captioned *Marcelino P. Robinson v. Community Brotherhood of Lynn, Inc. and United States Liability Insurance Company*, Civil Action No. 25CV01225, Essex County Superior Court (the "Robinson Action"). USLI seeks a declaration that it is not obligated to defend and/or indemnify CBL because the Robinson Action is precluded from coverage by the Absolute Firearms Exclusion and the Assault or Battery Exclusion issued with the USLI policy.

1

**THE PARTIES**

1.      The Plaintiff USLI is a Nebraska corporation with a principal place of business located at 1190 Devon Park Drive, Wayne, Pennsylvania. USLI, at all times material hereto, was authorized to issue insurance policies within the Commonwealth of Massachusetts.

2.      The Defendant CBL is a Massachusetts nonprofit corporation with its principal place of business in Lynn, Massachusetts.

3.      The Defendant Robinson is an individual domiciled in Lynn, Massachusetts.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

5.      Venue properly lies with this Court pursuant to 28 U.S.C. § 1391 since the events giving rise to this complaint substantially arose and occurred in this judicial district. More specifically, the USLI policy at issue was issued to CBL at its principal place of business in Lynn, Massachusetts.

**FACTUAL BACKGROUND**

**The USLI Policy**

6.      USLI issued policy no. NPP1600232C, a nonprofit package policy of insurance, to CBL for the policy period of January 14, 2024 to January 14, 2025 (the "USLI Policy"). A copy of the USLI Policy is attached as **Exhibit A**.

7.      The USLI Policy contains a Commercial Liability Coverage Part, a Liquor Liability Coverage Part and a Non-Profit Management Liability Coverage Part.

8.    Subject to its terms and conditions, the Insuring Agreement of Coverage A of the Commercial Liability Coverage Part provides, in relevant part, that:

> **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…
>
> **b.**    This insurance applies to "bodily injury" and "property damage" only if:
>
> > **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence that takes place in the coverage territory";
> >
> > **(2)**    The "bodily injury" or "property damage" occurs during the policy period[.]

9.    "Bodily injury", as amended by the Expanded Definition of Bodily Injury Endorsement is defined as:

> a.    bodily injury,
> b.    sickness,
> c.    disease; or
> d.    mental anguish or emotional distress arising out of a., b., c., above, sustained by a person, including death resulting from any of these at any time.

10.    "Occurrence" is defined by the USLI Policy to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

11.    The USLI Policy was issued with an endorsement entitled "Absolute Firearms Exclusion" which is applicable to the Commercial Liability Coverage Part. The Absolute Firearms Exclusion provides:

> [t]he policy does not insure against loss or expense, including cost of defense, for any "occurrence", claim or "suit" for "bodily injury",

3

"property damage", "personal and advertising injury" or medical payments arising or resulting from directly, or indirectly, the use of firearms of any kind.

This exclusion applies to any "occurrence", claim or "suit" regardless of whether the use of firearms is a direct cause, a contributing cause or a concurrent cause of any loss.

12.    The USLI Policy was issued with an endorsement entitled "Assault or Battery Exclusion" which is applicable to the Commercial Liability Coverage Part. The Assault or Battery Exclusion provides:

[t]his insurance does not apply to:

Any claim, demand or "suit" based on "assault" or "battery", or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery", including the use of reasonable force to protect persons or property, whether caused by or at the instigation or direction of an insured, its "employees", agents, officers or directors, patrons or any other person. Further, no coverage is provided for any claim, demand or suit in which the underlying operative facts constitute "assault" or "battery".

This exclusion applies to all "bodily injury", "property damage" or "personal and advertising injury" sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by negligence or other wrongdoing with respect to:

    a.    hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible; or

    b.    investigation or reporting any "assault or "battery" to the proper authorities; or

    c.    the failure to so report or the failure to protect any person while that person was in the care, custody or control of the insured, its "employees", agents, officers or directors; or

    d.      any acts or omissions of any insured, its employees, agents, officers, directors, patrons or other persons resulting from any "assault" or "battery" and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any "bodily injury", "property damage", or "personal and advertising injury" to any person.

"Assault" means the threat or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature.

"Battery" means negligent or intentional wrongful physical contact with another without consent that results in physical or emotional injury.

13.    The USLI Policy was issued with an endorsement entitled "Absolute Exclusion for Liquor and Other Related Liability" which is applicable to the Commercial Liability Coverage Part (the "Absolute Liquor Exclusion"). The Absolute Liquor Exclusion provides:

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, c. Liquor Liability** is deleted in its entirety and replaced by the following:

**c.    Liquor Liability**

Loss or expense, including but not limited to the cost of defense, arising from or resulting, directly or indirectly, from:

**(1)**    The causing or contributing to the intoxication of any person;

**(2)**    The furnishing of alcoholic beverages to a person under the legal drinking age;

**(3)**    The furnishing of alcoholic beverages to a person who is under the influence of alcohol;

**(4)**    Violation of any statute, ordinance or regulation relating to the sale, gift, distribution, furnishing or use of alcoholic beverages; or

**(5)**    The failure of any insured to prevent "bodily injury", "property damage" or "personal advertising injury" to any person, including but not limited to an alleged

5

intoxicated person, caused or alleged to be caused by the intoxication of any person(s) whether or not concurrent with other actual or alleged causes or whether or not any insured(s) furnished or served alcoholic beverage to such intoxicated person(s).

This exclusion applies to all injury sustained by any person, including mental anguish or emotional distress, whether alleged, threatened or actual including but not limited to your negligence or other wrongdoing with respect to:

**(1)** Hiring, placement, employment, training, supervision, control or retention of a person for whom any insured is or ever was legally responsible;

**(2)** Investigation or reporting to the proper authorities, or failure to so report; or

**(3)** The failure to protect any person while that person was in the insured's care, custody or control, including but not limited to providing or failing to provide transportation with respect to any person that may be under the influence of alcohol.

14. Subject to its terms and conditions, the Insuring Agreement of Coverage C of the Commercial Liability Coverage Part provides, in relevant part, that:

**1.    Insuring Agreement**

**a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:

**(1)** On premises you own or rent;

**(2)** On ways next to premises you own or rent; or

**(3)** Because of your operations; provided that:

**(a)** The accident takes place in the "coverage territory" and during the policy period;

**(b)** The expenses are incurred and reported to us within one year of the date of the accident; and

**(c)** The injured person submits to examination at our expense, by physicians of our choice as often as we reasonably require.

15. Coverage C was issued with an exclusion entitled "Coverage A Exclusions" which provides:

[w]e will not pay expenses for "bodily injury":

**g.        Coverage A Exclusions**

Excluded under Coverage **A.**

16.     The USLI Policy was also issued with a Liquor Liability Coverage Part, the Insuring Agreement of the Liquor Liability Coverage Part provides in pertinent part:

**1.        Insuring Agreement**

**a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply…

**b.**      This insurance applies to "injury" only if:

**(1)**     The "injury" occurs during the policy period in the "coverage territory" and the "injury" is a direct result of the selling, serving or furnishing of any alcoholic beverage at the "insured premises"…

17.     "Injury" is defined by the USLI Policy to mean "damages because of 'bodily injury' and 'property damage', including damages for care, loss of services or loss of support."

18.     The USLI Policy was issued with an endorsement entitled "Absolute Firearms Exclusion" which is applicable to the Liquor Liability Coverage Part. The Absolute Firearms Exclusion provides:

[t]his insurance does not apply to "injury", including cost of defense, for any claim or "suit" arising or resulting from directly, or indirectly, the use of firearms of any kind.

7

This exclusion applies to any "injury", claim or "suit" regardless of whether the use of firearms is a direct cause, a contributing cause or a concurrent cause of any loss.

### Robinson's Claim and USLI's Coverage Position

19.    On May 6, 2025, counsel for Robinson sent a letter to CBL which demanded that CBL preserve any and all evidence and advised of a potential civil claim against CBL.

20.    On May 19, 2025, USLI received notice of Robinson's potential claim from CBL.

21.    By letter dated July 28, 2025, USLI denied coverage to CBL under the USLI Policy. A copy of USLI's July 28, 2025 denial letter is attached as **Exhibit B**.

22.    On or around November 6, 2025, Robinson filed the Complaint in the Robinson Action. A copy of the Complaint is attached as **Exhibit C**.

23.    The Complaint alleges that "]o]n December 14, 224, while lawfully on the premises of [CBL], [Robinson] was beat up and shot multiple times in the right lower extremity."

24.    The Complaint goes on to allege that CBL "owed a duty to provide reasonably safe premises, including adequate security measures commensurate with the known risk profile of its operations and events."

25.    The Complaint alleges that Robinson suffered several injuries including fractures, broken teeth and a lower lip laceration.

26.    Count I of the Complaint asserts a cause of action of Negligence against CBL and alleges that CBL "breached its duty by, inter alia: failing to implement and enforce weapons screening; failing to staff, train, and supervise security adequately; failing to monitor and control the premises; and failing to warn or intervene to prevent foreseeable violence."

27. Count II of the Complaint asserts a cause of action of Premises Liability and asserts that CBL "controlled the premises and allowed a dangerous condition created by inadequate security protocols that posed an unreasonable risk of violent harm to invitees."

28. Additionally, on April 23, 2025, Claudio Melo was indicted and charged with Assault and Battery with a Firearm and Assault and Battery with a Dangerous Weapon resulting in Serious Bodily Injury for shooting Robinson. A copy of the indictment is attached as **Exhibit D**.

29. An actual controversy has arisen and presently exists between USLI, CBL and Robinson regarding whether the USLI Policy provides coverage for the Robinson Action.

**<u>COUNT I – DECLARATORY JUDGEMENT</u>**
**(Absolute Firearms Exclusion Endorsement – CGL Coverage Part)**

30. USLI and incorporates the allegations of Paragraphs 1 – 29 as if fully stated herein.

31. The Absolute Firearms Exclusion of the CGL Coverage Part provides:

> [t]he policy does not insure against loss or expense, including cost of defense, for any "occurrence", claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or medical payments arising or resulting from directly, or indirectly, the use of firearms of any kind.
>
> This exclusion applies to any "occurrence", claim or "suit" regardless of whether the use of firearms is a direct cause, a contributing cause or a concurrent cause of any loss.

32. The Robinson Action alleges that "]o]n December 14, 224, while lawfully on the premises of [CBL], [Robinson] was beat up and shot multiple times in the right lower extremity."

33. Claudio Melo was indicted and charged with Assault and Battery with a Firearm for shooting Robinson.

34.    The Absolute Firearms Exclusion of the CGL Coverage Part precludes coverage for the Robinson Action because it alleges "bodily injury" arising or resulting from the use of firearms.

## COUNT II – DECLARATORY JUDGEMENT
### (Assault or Battery Exclusion – CGL Coverage Part)

35.    USLI restates and incorporates the allegations of Paragraphs 1 – 34 as if fully stated herein.

36.    The USLI Policy contains the Assault or Battery Exclusion which is applicable to the Commercial Liability Coverage Part. The Assault or Battery Exclusion provides:

> [t]his insurance does not apply to:
>
> Any claim, demand or "suit" based on "assault" or "battery", or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery", including the use of reasonable force to protect persons or property, whether caused by or at the instigation or direction of an insured, its "employees", agents, officers or directors, patrons or any other person. Further, no coverage is provided for any claim, demand or suit in which the underlying operative facts constitute "assault" or "battery".
>
> This exclusion applies to all "bodily injury", "property damage" or "personal and advertising injury" sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by negligence or other wrongdoing with respect to:
>
>> a.    hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible; or
>>
>> b.    investigation or reporting any "assault or "battery" to the proper authorities; or
>>
>> c.    the failure to so report or the failure to protect any person while that person was in the care, custody or

control of the insured, its "employees", agents, officers or directors; or

d.   any acts or omissions of any insured, its employees, agents, officers, directors, patrons or other persons resulting from any "assault" or "battery" and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any "bodily injury", "property damage", or "personal and advertising injury" to any person.

"Assault" means the threat or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature.

"Battery" means negligent or intentional wrongful physical contact with another without consent that results in physical or emotional injury.

37.   The Robinson Action alleges that "]o]n December 14, 224, while lawfully on the premises of [CBL], [Robinson] was beat up and shot multiple times in the right lower extremity."

38.   Claudio Melo was indicted and charged with Assault and Battery with a Firearm for shooting Robinson.

39.   The Assault or Battery Exclusion of the CGL Coverage Part precludes coverage for the Robinson Action because it is a "suit" based on an "assault" or "battery".

**COUNT III – DECLARATORY JUDGEMENT**
**(Absolute Liquor Exclusion – CGL Coverage Part)**

40.   USLI restates and incorporates the allegations of Paragraphs 1 – 39 as if fully stated herein.

41.   The USLI Policy was issued with the Absolute Liquor Exclusion which provides:

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, c. Liquor Liability** is deleted in its entirety and replaced by the following:

11

c.    **Liquor Liability**

Loss or expense, including but not limited to the cost of defense, arising from or resulting, directly or indirectly, from:

(1)    The causing or contributing to the intoxication of any person;

(2)    The furnishing of alcoholic beverages to a person under the legal drinking age;

(3)    The furnishing of alcoholic beverages to a person who is under the influence of alcohol;

(4)    Violation of any statute, ordinance or regulation relating to the sale, gift, distribution, furnishing or use of alcoholic beverages; or

(5)    The failure of any insured to prevent "bodily injury", "property damage" or "personal advertising injury" to any person, including but not limited to an alleged intoxicated person, caused or alleged to be caused by the intoxication of any person(s) whether or not concurrent with other actual or alleged causes or whether or not any insured(s) furnished or served alcoholic beverage to such intoxicated person(s).

This exclusion applies to all injury sustained by any person, including mental anguish or emotional distress, whether alleged, threatened or actual including but not limited to your negligence or other wrongdoing with respect to:

(1)    Hiring, placement, employment, training, supervision, control or retention of a person for whom any insured is or ever was legally responsible;

(2)    Investigation or reporting to the proper authorities, or failure to so report; or

(3)    The failure to protect any person while that person was in the insured's care, custody or control, including but not limited to providing or failing to provide transportation with respect to any person that may be under the influence of alcohol.

42.    To the extent that the Robinson Action arises from the furnishing of alcoholic beverages, the Absolute Liquor Exclusion precludes coverage under the USLI Policy.

## COUNT IV – DECLARATORY JUDGEMENT
### (Coverage A Exclusions – Coverage C Medical Payments)

40.     USLI restates and incorporates the allegations of Paragraphs 1 – 39 as if fully stated herein.

41.     Coverage **C.** of the USLI Policy was issued with an exclusion entitled "Coverage A Exclusions" which provides:

[w]e will not pay expenses for "bodily injury":

**g.     Coverage A Exclusions**

Excluded under Coverage **A.**

42.     Coverage for the Robinson Action is precluded by the Absolute Firearms Exclusion, the Assault or Battery Exclusion and the Absolute Liquor Exclusion.

43.     The Absolute Firearms Exclusion, the Assault or Battery Exclusion and the Absolute Liquor Exclusion are included in Coverage **A.** of the USLI Policy.

44.     Accordingly, there is no coverage under Coverage **C.** of the USLI Policy because Exclusion g. precludes coverage where the Robinson Action is excluded from coverage under Coverage **A.**

## COUNT V – DECLARATORY JUDGEMENT
### (Insuring Agreement – Liquor Liability Coverage Part)

45.     USLI restates and incorporates the allegations of Paragraphs 1 – 44 as if fully stated herein.

46.     The Insuring Agreement of the Liquor Liability Coverage Part provides in pertinent part:

**1.     Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of

"injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply…

**b.** This insurance applies to "injury" only if:

**(1)** The "injury" occurs during the policy period in the "coverage territory" and the "injury" is a direct result of the selling, serving or furnishing of any alcoholic beverage at the "insured premises"…

47. The Robison Action does not allege that either Robinson's injuries were the result of the selling, serving or furnishing of any alcoholic beverage. Accordingly, there is no coverage under the Liquor Liability Coverage Part of the USLI Policy.

## COUNT VI – DECLARATORY JUDGEMENT
### (Absolute Firearms Exclusion – Liquor Liability Coverage Part)

48. USLI restates and incorporates the allegations of Paragraphs 1 – 47 as if fully stated herein.

49. The Absolute Firearms Exclusion of the Liquor Liability Coverage Part provides:

[t]his insurance does not apply to "injury", including cost of defense, for any claim or "suit" arising or resulting from directly, or indirectly, the use of firearms of any kind.

This exclusion applies to any "injury", claim or "suit" regardless of whether the use of firearms is a direct cause, a contributing cause or a concurrent cause of any loss.

50. The Robinson Action alleges that "]o]n December 14, 224, while lawfully on the premises of [CBL], [Robinson] was beat up and shot multiple times in the right lower extremity."

14

51.     Claudio Melo was indicted and charged with Assault and Battery with a Firearm for shooting Robinson.

52.     The Absolute Firearms Exclusion of the Liquor Liability Coverage Part precludes coverage for the Robinson Action because it alleges "bodily injury" arising or resulting from the use of firearms.

## PRAYER FOR RELIEF

Wherefore, USLI requests that the Court enter Judgment as follows:

(a)     Declaring that USLI has neither the duty to defend or indemnify CBL under the CGL Coverage Part of the USLI Policy for the Robinson Action;

(b)     Declaring that USLI has neither the duty to defend or indemnify CBL under the Liquor Liability Coverage Part of the USLI Policy for the Robinson Action; and

(c)     Awarding USLI such further relief as is just and proper.

UNITED STATES LIABILITY
INSURANCE COMPANY

By their attorneys,

*/s/ Lincoln A. Rose*
Lincoln A. Rose, BBO#691797
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2069
lrose@peabodyarnold.com

Dated: May 7, 2026

15